# 95 DTA 127

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN, PANEL IV

CESAR GAUTIER Y SU ESPOSA LIDIA E. TORRES AMBOS POR SI Y EN
REPRESENTACION DE LA SOCIEDAD LEGAL DE GANANCIALES
POR ELLOS COMPUESTA
Demandantes-Peticionarios

v.

PEDRO GARCIA VELEZ Y SU ESPOSA SRA. GARCIA AMBOS POR SI Y EN
REPRESENTACION DE LA SOCIEDAD DE GANANCIALES POR ELLOS
COMPUESTA; FULANAS DE TALES DENOMINADAS ASI POR DESCONOCERSE

LOS VERDADEROS NOMBRES DE LAS PERSONAS NATURALES O JURIDICAS QUE LE PUEDEN RESPONDER A LA PARTE DEMANDANTE; COMPAÑIAS ASEGURADORAS A,B,C, DENOMINADAS ASI POR DESCONOCERSE LOS VERDADEROS NOMBRES DE LAS COMPAÑIAS ASEGURADORAS CUYAS POLIZAS RESPONDEN A LAS RECLAMACIONES DE LOS DEMANDANTES
Demandados-Recurridos

Núm. KLCE-95-00262

San Juan, Puerto Rico, a 19 de junio de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre ante este Tribunal por vía de *certiorari* solicitando que se revise la determinación del Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan █ y en consecuencia, se desestime la demanda pendiente ante él. En la vista sobre el estado de los procedimientos, el tribunal dejó pendiente de resolver la moción de desestimación presentada por la parte peticionaria. █ Es de esta orden que se recurre.

Se trata de una demanda en daños y perjuicios resultantes de un accidente automovilístico ocurrido entre el Sr. César Gautier y el Sr. Pedro García Vélez. Alega el Sr. Gautier que fue arrollado por un vehículo de motor conducido por el Sr. García Vélez. Los hechos alegadamente ocurrieron el día 29 de noviembre de 1992 y la demanda reclamando daños por varios conceptos se radicó el día 22 de febrero de 1994. Mediante Moción Solicitando la Desestimación radicada el 5 de abril de 1994, el peticionario solicita que se desestime la demanda alegando que está prescrita, al radicarse aproximadamente quince (15) meses después de la ocurrencia de los hechos. El recurrido en su escrito de oposición, argumenta que la prescripción fue interrumpida con el envío de una carta con fecha de 26 de agosto de 1993 a la parte peticionaria y por conversaciones extrajudiciales habidas entre las partes.

Alega el recurrido que el peticionario se comprometió a compensarlo y que admitió su negligencia. Estas alegaciones son negadas por el peticionario.

En el escrito de *certiorari*, el peticionario alega que no recibió la carta que el recurrido alega haber enviado, que lo ha negado bajo juramento, y que el recurrido no ha establecido

que la haya recibido. Argumenta que el hecho básico en que descansa la presunción de la Regla 16(24) de las Reglas de Evidencia, 32 L.P.R.A. sec. 1887(24), no ha sido establecido. Por estas razones, el peticionario alega que el tribunal *a quo* erró al permitirle al recurrido descansar en la presunción establecida en la citada regla de evidencia.█ El peticionario alega que el tribunal también erró al no determinar que aún asumiendo como cierto que la carta fuere enviada por el recurrido y recibida por el peticionario, ésta no tuvo el efecto de interrumpir el término prescriptivo para comenzar la acción, por no cumplir con el estándar requerido por el Tribunal Supremo para interrumpir la prescripción.

El día lro. de junio de 1995, el recurrido compareció ante este tribunal oponiéndose a la expedición del auto de *certiorari*. En apoyo de sus alegaciones nos somete una declaración jurada suscrita por César Gautier, la cual no fue presentada ante el Tribunal de Primera Instancia. El recurrido suscribió una declaración jurada con fecha de 24 de mayo de 1995 (posterior a la radicación de la Petición de *Certiorari*) en la que afirma que para el mes de abril de 1995 el peticionario y él acordaron que aquél le pagaría la suma de $5,000.00 por los daños.█ De ser cierta esta afirmación, podría tratarse de un contrato de transacción que podría derrotar la alegación de prescripción del peticionario.

El tribunal *a quo* debería tener la oportunidad de considerar la referida declaración jurada conjuntamente con la prueba que le fuera ofrecida anteriormente.

El tribunal *a quo* no determinó que la alegada carta fue enviada y que tuvo el efecto de interrumpir la prescripción. Realmente el tribunal no tomó ninguna determinación a favor o en contra de la solicitud de desestimación. De los autos ante nos surge que el tribunal dejó pendiente de resolver la solicitud de desestimación presentada.

La prescripción es una cuestión prioritaria y jurisdiccional. Una vez transcurre el término determinado por ley sin que se reclame un derecho, se tiene por extinguida la acción para reclamarlo. Se trata de una presunción legal de abandono, y que admite los actos de interrupción que dispone el Código Civil. La finalidad de la misma es impedir que permanezcan indefinidamente inciertos los derechos.█ Los intereses a los que responde no son absolutos --de un lado salvaguardar un derecho y del otro, darle carácter definitivo a la incertidumbre de una posible reclamación-- sino que deben aquilatarse en su justa proyección.█ En casos apropiados, el tribunal debe resolver la cuestión sobre la prescripción de la acción de que se trate, antes de llevar a cabo ulteriores procedimientos. El propósito de ésto es evitar mayores gastos y molestias en casos que puedan decidirse al comienzo a base de si están o no prescritos. Sobre la cuestión de prescripción, este Tribunal no hace pronunciamiento alguno, en vista de que eso le corresponde determinarlo al tribunal *a quo*.

Por las razones antes expresadas, expedimos el auto y modificamos la orden emitida por el tribunal *a quo* (mediante la cual dejó pendiente la moción de desestimación basada en la defensa de prescripción) y ordenamos a la Subsección de Distrito, Sala de San Juan que, antes de llevar a cabo ulteriores procedimientos, decida prioritariamente la referida moción de desestimación.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 127**

1. Se refiere a una determinación recogida en la minuta del 28 de febrero de 1995, notificada el 29 de marzo de 1995, mediante la cual la Subsección de Distrito dejó pendiente de resolver la moción de desestimación.

**2.** Aunque la parte peticionaria señala en su petición de *certiorari* que el tribunal *a quo* decidió dejar pendientes la moción de desestimación y la moción de sentencia sumaria, de los escritos que obran en autos sólo se desprende que el tribunal *a quo* dejó pendiente la moción de desestimación.

**3.** Que una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad.

**4.** No deben presentarse por primera vez ante este Tribunal documentos que no tuvo ante sí el tribunal *a quo*. *Belmonte v. Mercado Reverón Admor.,* 95 D.P.R. 257, 263-264 (1967).

**5.** *Eisele v. Orcasitas,* 85 D.P.R. 89 (1962).

**6.** *Colón Prieto v. Géigel,* 115 D.P.R. 232 (1984).